**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

THOMAS JASON HUDDLESTON        :

          **Petitioner**        :   CIVIL ACTION NO. 3:17-0502

    **v.**                                :        (JUDGE MANNION)

                              :

COMM. OF PA, *et al.*,

                              :

          **Respondents**

## MEMORANDUM

Petitioner, Thomas Jason Huddleston, an inmate confined in the State Correctional Institution, Frackville, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1). He attacks a conviction imposed by the Court of Common Pleas for Centre County, Pennsylvania. Id. Because it appeared that the petition may be barred by the statute of limitations, in accordance with United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005) (*en banc*), on December 5, 2019, the Court directed the parties to address the timeliness of the petition and any applicable statutory and/or equitable tolling of the statute of limitations. (Doc. 11). Respondents filed a response on January 2, 2020. (Doc. 13). Although provided an opportunity to file a traverse, Petitioner did not file a traverse.

The petition is ripe for disposition and, for the reasons set forth below, will be dismissed as untimely under the statute of limitations, see 28 U.S.C. §2244(d).

I.    **Background**

On October 20, 1999, the Commonwealth filed an Information charging Petitioner with the following: Murder in the First Degree, 18 Pa.C.S.A. §2502(a); Criminal Conspiracy (Murder of the First Degree), 18 Pa.C.S.A. §903(a)(1)(2); Murder of the Second Degree, 18 Pa.C.S.A. §2502(b); Criminal Conspiracy (Murder of the Second Degree), 18 Pa.C.S.A. §903(a)(1)(2); Murder of the Third Degree, 18 Pa.C.S.A. §2502(c); Robbery, 18 Pa.C.S.A. §3701(a)(1)(i); Criminal Conspiracy (Robbery), 18 Pa.C.S.A. §903(a)(1)(2); Robbery of a Motor Vehicle, 18 Pa.C.S.A. §3702(a); Criminal Conspiracy (Robbery of a Motor Vehicle), 18 Pa.C.S.A. §903(a)(1)(2); Theft by Unlawful Taking, 18 Pa.C.S.A. §392 and Criminal Conspiracy (Theft by Unlawful Taking), 18 Pa.C.S.A. §903(a)(1)(2). (Doc. 10, Information).

Petitioner was tried by jury over the course of three days from October 9 through October 11, 2000 before Judge Thomas King Kistler, now President Judge of the Centre County Court of Common Pleas. (Doc. 10, Opinion and Order).  At the conclusion of the trial, the jury found Petitioner

- 2 -

guilty of the following charges: Murder of the Second Degree, Criminal Conspiracy (Murder of the Second Degree), Robbery and Criminal Conspiracy (Robbery). Id.

On October 11, 2000, Petitioner was given a life sentence for Murder of the Second Degree. Id. The sentences for the remaining counts were deferred until October 12, 2000, when he was then sentenced on the remaining charges. Id.

On October 18, 2000, Petitioner filed his Post Sentence Motions. Id. On March 13, 2001, Judge Kistler denied Petitioner's Post Sentence Motions. Id.

On April 12, 2001, Petitioner filed a timely Notice of Appeal to the Superior Court of Pennsylvania. Id. On April 18, 2001, Judge Kistler entered an Order directing Petitioner to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). Id. On May 8, 2001, Judge Kistler entered an Order indicating that Petitioner failed to file a Statement of Matters Complained of an Appeal. Id. Petitioner then filed an untimely Statement of Matters Complained of on Appeal that same day. Id.

On June 28, 2002, the Superior Court of Pennsylvania dismissed Petitioner's direct appeal, finding that the issues were waived for failure to file a timely 1925(b) statement at Docket No. 635 MDA 2001. Id.

- 3 -

On July 12, 2001, Petitioner filed an application for re-argument or reconsideration, which the Superior Court denied on August 5, 2002. Id.

On April 22, 2003, the Pennsylvania Supreme Court denied allocator at Docket No. 712 MAL 2002. Id.

On March 13, 2006, Petitioner filed his first Post-Conviction Relief Act (PCRA) Petition. Id. The Commonwealth filed its Answer and New Matter to Petition for Post-Conviction Relief on June 16, 2006. Id.

On September 7, 2006, the trial court, without reaching the merits of the first PCRA petition, reinstated Petitioner's direct appeal rights *nunc pro tunc*.

On October 5, 2006, Petitioner filed a direct appeal to the Superior Court. Id. However, on October 10, 2007, the Superior Court quashed the appeal as untimely, at Docket No. 1745 MDA 2006. Id.

On September 22, 2008, Petitioner filed a second PCRA petition. Id. The Commonwealth filed an Answer on December 15, 2009. Id. On May 6, 2011, the Commonwealth filed a motion challenging the Court's jurisdiction to hear the defense motion, arguing that the second PCRA petition was untimely and should be dismissed without a hearing. Id. The trial court held an evidentiary hearing on August 22, 2011 and on September 16, 2011, the

- 4 -

trial court granted Petitioner's second PCRA petition and again reinstated Petitioner's direct appeal right *nunc pro tunc*. Id.

On October 13, 2011, Petitioner filed a notice of appeal. Id. On September 21, 2012, the Superior Court reached a decision on the merits of Petitioner's appeal and affirmed his conviction at Docket No. 1831 MDA 2011. Id. On March 6, 2013, the Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal at Docket No. 830 MAL 2012. Id.

On June 2, 2014, Petitioner filed a third PCRA petition. Id. On August 8, 2014, the Commonwealth filed its Answer, New Matter, and a Motion to Dismiss PCRA Without a Hearing. Id.

On June 30, 2015, the trial court granted in part and denied in part the Commonwealth's Answer, New Matter and Motion to Dismiss Amendment PCRA Without Hearing. Id. In the June 30, 2015 Opinion and Order, the trial court provided notice of dismissal pursuant to Pa.R.Crim.P. 907(1) concerning three of the five claims found within Petitioner's Amendment PCRA petition. Id. Those claims included two of the issues currently on appeal: Petitioner's ineffectiveness claim concerning the trial court's refusal to give a duress instruction, as well as his constitutional violation claim concerning the marijuana pipe. Id. On July 18, 2015, Petitioner filed an untimely response to the notice to dismiss. Id. Accordingly, on August 3,

2015, the trial court issued an Opinion and Order dismissing those claims without a hearing. Id.

On October 26, 2015, the trial court held an evidentiary hearing on the remaining two claims, including Petitioner's ineffectiveness claim concerning trial counsel's failure to move to suppress Petitioner's statement to Trooper Mahalko. Id. On December 2, 2015, the trial court denied Petitioner's Amended PCRA Petition. Id.

On December 31, 2015, Petitioner filed a Notice of Appeal and on January 27, 2016, filed a Concise Statement of Errors Complained of on Appeal. Id. On February 1, 2016, the trial court issued its Opinion in response to Matters Complained of on Appeal. Id.

On February 7, 2017, the Pennsylvania Superior Court, by Opinion and Order, affirmed the holding of the trial court. Id.

On March 22, 2017, Petitioner filed the instant petition for writ of habeas corpus, in which he once again challenges his conviction and sentence imposed in the Centre Court of Common Pleas. (Doc. 1, petition).

## II.    Discussion

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only

- 6 -

on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §2254(a).  A petition filed under §2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).  See 28 U.S.C. §2244(d) (1). Specifically, a state prisoner requesting habeas corpus relief pursuant to §2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999).  Thus, under the plain terms of §2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).

Petitioner's direct appeal rights were reinstated *nunc pro tunc* on September 16, 2011. On October 13, 2011, Petitioner filed an appeal to the Pennsylvania Superior Court, which was denied on September 21, 2012. On March 6, 2013, the Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal at Docket No. 830 MAL 2012. Petitioner's judgment became final on June 4, 2013, ninety days after his Petition for Allowance of Appeal to the Pennsylvania Supreme Court was denied. Wade v. Battle, 379 F.3d 1254, 1256 (11th Cir. 2004) (holding that a judgment of sentence becomes final for AEDPA purposes "when the ninety-day period in which to seek *certiorari* from the United States Supreme Court expired"). The one-year AEDPA statute of limitations period commenced running as of that date and expired one year later, on June 4, 2014. Therefore, the present petition, filed on March 22, 2017, is patently untimely.

However, the limitation period is not "an inflexible rule requiring dismissal whenever AEDPA's one-year clock has run." Day v. McDonough, 547 U.S. 198, 208 (2006). "Instead, the limitation period is subject to both statutory and equitable tolling." Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 85 (3d Cir. 2013).

## A.    Statutory Tolling

Section 2244(d)(2) tolls the one-year statute of limitations with respect

to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. §2244(d)(2). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000).

Pursuant to 28 U.S.C. §2244(d)(2), when Petitioner filed his third PCRA petition on June 2, 2014, the AEDPA's filing period was statutorily tolled with two (2) days of the one (1) year filing period remaining. See Harris, 209 F.3d at 328. Petitioner's PCRA petition was pending until February 7, 2017, when the Pennsylvania Superior Court affirmed the holding of the trial court. Petitioner then had thirty days, or until March 9, 2017, to file a petition for allocator to the Supreme Court of Pennsylvania, which he did not do. See Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 86 (3d Cir.2013) (citing Pennsylvania Rule of Appellate Procedure 1113(a) ("a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court")). Thus, the AEDPA's statute of limitations began to run again on this date. See id. At this point, Petitioner had 2 days, or until Monday, March 13, 2017 to file a timely §2254 petition.

Petitioner has failed to meet this deadline, as he filed the instant petition on March 22, 2017, some nine (9) days later.[1]

## B.   Equitable Tolling

Equitable tolling stops the clock when extraordinary circumstances prevent a petitioner from timely filing, thereby rendering strict enforcement of the one-year limitations period unfair. Wood v. Milyard, 566 U.S. 463, 469 n.3 (2012); see also Holland v. Florida, 560 U.S. 631 (2010). "Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006); LaCava v. Kyler, 398 F.3d 271, 274-75 (3d Cir. 2005). Generally, a litigant seeking equitable tolling must establish two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." Pace, 544 at 418.

With respect to the diligent pursuit of rights, he must demonstrate that he exercised reasonable diligence in investigating and bringing the claims. See Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable

---

[1]   Petitioner fares no better by applying the "prison mailbox rule", which construes the filing date as the date Petitioner delivered the petition to prison officials for mailing. See Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998). The Court assumes for purposes of this Memorandum and Order that the petition was handed to a prison official for mailing, and thus filed, on March 21, 2017, the date on the postmark. However, even accepting this date as the file date, the petition is untimely by eight (8) days.

neglect is not sufficient. <u>See</u> <u>LaCava</u>, 398 F.3d at 276.  Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." <u>Warren v. Garvin</u>, 219 F.3d 111, 113 (2d Cir. 2000) (quoting <u>Smith v. McGinnis</u>, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, <u>see</u> <u>Jones</u>, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, <u>see</u> <u>Brinson v. Vaughn</u>, 398 F.3d 225, 230 (3d Cir. 2005). Significantly, even where extraordinary circumstances exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." <u>Brown v. Shannon</u>, 322 F.3d 768, 773 (3d Cir. 2003) (quoting <u>Valverde v. Stinson</u>, 224 F.3d 129, 134 (2d Cir. 2000)).

Here, Petitioner does not set forth any basis to support the application of equitable tolling. In fact, although this Court's December 5, 2019

scheduling Order provided an opportunity to file a reply to Respondent's memorandum regarding timeliness of the petition, Petitioner neither filed a reply, nor requested an enlargement of time within which to do so.

We now turn to the fundamental miscarriage of justice tolling exception. Although the fundamental miscarriage of justice or "actual innocence" exception was previously used to excuse procedural default, the United States Supreme Court has held that a convincing showing of actual innocence may excuse the federal limitations period. McQuiggin v. Perkins, 569 U.S. 383 (2013). McQuiggin made it clear that such an exception is very rare, noting that the petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 399 (citing Schlup v. Delo, 513 U.S. 298, 327 (1995)). "To be credible a claim of actual innocence must be based on reliable evidence not presented at trial." Schlup, 513 U.S. at 324; Calderon v. Thompson, 523 U.S. 558, 559 (1998). "Proving actual innocence based on new evidence requires the petitioner to demonstrate (1) new evidence (2) that is reliable and (3) so probative of innocence that no reasonable juror would have convicted the petitioner." Sistrunk v. Rozum, 674 F.3d 181, 191 (3d Cir. 2012) (citing Schlup, 513 U.S. at 327). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of

the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.' Schlup, 513 U.S., at 329, 115 S.Ct. 851; see House, 547 U.S., at 538, 126 S.Ct. 2064 (emphasizing that the Schlup standard is "demanding" and seldom met)." McQuiggin, 569 U.S. at 386.

"The gateway actual innocence standard is 'demanding' and satisfied only in the 'rare' and 'extraordinary' case where 'a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' " Reeves v. Fayette SCI, 897 F.3d 154 (3d Cir. 2018) (quoting McQuiggin, 569 U.S. at 392). Here, Petitioner fails to provide new reliable exculpatory evidence to support an actual innocence claim and none can be extracted from the claims raised in his petition. Accordingly, he has not demonstrated that the "actual innocence" exception to the AEDPA statute of limitations applies.

## III.   **Conclusion**

For the reasons set forth above, the petition for writ of habeas corpus will be dismissed as untimely.

- 13 -

## IV.    <u>Certificate of Appealability</u>

Pursuant to 28 U.S.C. §2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. §2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  Here, jurists of reason would not find the procedural disposition of this case debatable.  Accordingly, no COA will issue.

- 14 -

A separate Order will issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: August 4, 2021**
17-05024-01